```
               UNITED STATES DISTRICT COURT
                       FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      :
                              :      No. 4:CR-06-0125-05
     vs.                      :
                              :
CALVIN MICHAEL KING, JR.      :      (Judge Muir)
```

**EX PARTE ORDER**

March 13, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant Calvin Michael King, Jr., is one of twelve defendants charged in this case with committing multiple drug offenses in violation of, *inter alia*, 21 U.S.C. §§ 841 and 846. The case is currently on our April 2007 Trial List.  To this point King has been represented by appointed counsel Attorney Philip M. Masorti and the case is scheduled to be tried on our April 2007 Trial List.

On March 5, 2007, we received directly from King a document dated February 28, 2007, and entitled "Motion for Innefective [sic] Counsel," in which King requests us to appoint new counsel for him.  By an ex parte order dated March 6, 2007, we scheduled a hearing on King's motion for March 13, 2007.  The hearing occurred as scheduled.  King's motion to appoint new counsel for him is ripe for disposition.

The Court of Appeals for the Third Circuit has stated that

"[w]hile the right to counsel is absolute, we have long held that the Sixth Amendment does not guarantee criminal defendants an absolute right to counsel *of their choice*." U.S. v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991)(emphasis in original)(citing cases). The United States Supreme Court has held that the Sixth Amendment does not guarantee an accused a "meaningful attorney-client relationship." Morris v. Slappy, 461 U.S. 1, 14, 103 S. Ct. 1610, 1617 (1982).

Where a criminal defendant's motion to replace counsel will require a continuance of the proceedings, the Court of Appeals for the Third Circuit has explained that

> the request need not be granted unless "good cause" is shown for the defendant's dissatisfaction with his current attorney. We defined good cause as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney.

United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).

Our consideration of King's motion to replace his counsel begins with the observation that granting it would require a delay in sentencing. King is required to show "good cause," as that phrase is defined in Goldberg, to justify the appointment of replacement counsel.

During the March 13, 2007, hearing on his motion King represented that he is preparing a civil rights complaint to be filed against Attorney Masorti based on Attorney Masorti's

2

alleged ineffective representation of King in this case. Although King asserted a number of additional reasons for his decision to seek new counsel (such as Attorney Masorti's decision not to file certain motions which King wishes to have filed on his behalf, and the complications King has encountered when trying to contact Attorney Masorti by telephone), we are of the view that none of those other reasons has any merit whatsoever.

Attorney Masorti testified at the hearing on King's motion for the appointment of new counsel. Attorney Masorti's testimony, all of which we find credible, indicates that the attorney-client relationship has been compromised only because of the lawsuit which King intends to file against Attorney Masorti. The filing of that lawsuit by King may be viewed as a fabricated reason by King to obtain new counsel. The testimony adduced at the hearing on King's motion for new counsel clearly establishes that Attorney Masorti has at all times acted in and protected King's best interests.

We expressly advise King that if no lawsuit is filed against Attorney Masorti, or if such a lawsuit is filed and is ultimately shown to be patently frivolous, King may expose himself to sanctions. The court will not countenance a defendant's manipulation of criminal proceedings by threatening or filing a frivolous action strictly to obtain new counsel.

Under the circumstances, we have no choice but to grant Attorney Masorti's motion for the appointment of new counsel. Although the ruling in this order justifies a continuance of this case, we will not provide for such a continuance in this order because during the hearing on King's motion for new counsel Attorney Masorti advised us that the government intends to file a motion to continue the case as it relates to all of the defendants.

NOW, THEREFORE, IT IS ORDERED THAT:

1. King's motion to replace his counsel (Document 263) is reluctantly granted.
2. The Federal Public Defender, James V. Wade, Esq., is hereby reappointed to represent King in this case.
3. Mr. Wade may, without leave of court, assign the responsibility for this case to an Assistant Public Defender or to an attorney on the Criminal Justice Act panel.
4. Attorney Masorti shall, within 5 working days after he is notified of the name and address of King's new counsel, provide his file in this case to King's

new counsel.

                                                     s/Malcolm Muir
                                                     MUIR, U.S. District Judge

MM:gja